IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL A. DALTON, DONALD D. ELLEFSON, and J. PHILIP HELTON, ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | CIVIL ACTION NO 08-0116-KD-C |
| RICHARD A. FLEMING, ) ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on the notices of voluntary dismissal filed by plaintiffs Michael A. Dalton, Donald D. Ellefson, *pro se*, and J. Phillip Helton, *pro se*, which this court has converted to motions to dismiss without prejudice (docs. 33, 34, 35), Richard Fleming's objection (doc. 38), and Dalton's reply (doc. 41); motion to intervene filed by Virginia Fleming (doc. 21), and Dalton's objection (doc. 43-2); and motion for sanctions filed by Dalton against defendant Richard Fleming (doc. 51), Fleming's response (doc. 53), and Dalton's reply (doc. 54). For the reasons set forth herein, the motions to dismiss without prejudice are **GRANTED** and this cause of action is **DISMISSED without prejudice**; the motion to intervene is **MOOT**; and the motion for sanction is **DENIED**.

I.    Background

The parties formed PK Management, LLC. In 2004, the LLC borrowed funds from Vision Bank to purchase land for development. To secure the loan, the members executed two promissory notes making them jointly and severally liable and each member personally guaranteed one-fourth of the debt by execution of an unlimited continuing guaranty agreement. Virginia Fleming was the secondary guarantor on Richard's note and guaranty agreement. In

November 2005, Richard sold his interest to plaintiffs.  In 2007, the development failed and Vision Bank sought payment.  In November 2007, Vision Bank sued Richard and Virginia Fleming in the Circuit Court of Baldwin County.  On February 5, 2008, plaintiffs sued Richard Fleming in the same court alleging that the members agreed to pay their proportionate share of the debt pursuant to the terms of the promissory notes and guarantee agreements and asserting that because Richard Fleming did not pay his share, they had paid more than their share to keep the loan from default.  On February 22, 2008, the case was removed here.  In March 2008, plaintiffs settled with Vision Bank.  In May 2008, Virginia and Richard Fleming settled with Vision Bank. Virginia paid Vision Bank but Richard made no payment.  The record does not indicate whether Vision Bank has been paid in full.

      A.      Motions to dismiss without prejudice

Plaintiffs filed notices of voluntary dismissal wherein they seek to voluntarily dismiss without prejudice their complaint against Richard Fleming.  Because he had answered the complaint, notices of voluntary dismissal were unavailable. See Fed. R. Civ. P. 41(a)(1)(A). The court then converted the notices into motions to dismiss without prejudice.  Richard responds, in part, that dismissal should be with prejudice because the parties waived their right or were barred from seeking reimbursement because the action was filed before Vision Bank was paid in full. Ellefson and Helton did not file a reply, but Dalton replies that dismissal without prejudice is appropriate because the complaint was filed to collect operating expenses of PK Management and does not involve the notes or guaranty agreements.

Under Rule 41(a) the court may dismiss an action "on terms that the court considers proper". Fed. R. Civ. P. 41(a).  In that regard,

2

> [t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). The purpose of Rule 41(a)(2) is to preclude voluntary dismissals which inequitably affect the opposing party, and to allow the implementation of curative conditions by the court. In exercising its broad equitable discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.

Danielson v. DBM, Inc., 2007 WL 1247206, 1 (N.D. Ga. 2007) (internal citations and quotations omitted). Moreover, "[a] dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." McCants v. Ford Motor Co., 781 F.2d 855, 856-7 (11th Cir.1986) (internal citation omitted.)

The guaranty agreements include a provision whereby the members waive their right to contribution from the LLC or the other guarantors until the debt to Vision Bank is paid in full.

> 3. Guarantor does hereby waive any and all rights of contribution against Borrower or any other Guarantor under the Loans until such time as Lender shall have been repaid any and all amounts due to Lender under the Loans and/or this Guaranty, and such time shall have passed after Lender is paid any and all sums due to Lender such that the payment is not subject to claims from any person or entity that it constitutes a fraudulent transfer or voidable preference.

(Doc. 1-3, p. 27-28) From review of the guaranty agreements, and the absence of any information as to whether Vision Bank has been paid in full, it appears that the parties have prematurely brought suit for contribution. Further, on cursory review, the guaranty agreements do not appear to indicate that the parties are forever barred from litigating their claims. Richard has shown no clear legal prejudice but only the possibility of a subsequent lawsuit against him for contribution. Thus, on the plaintiffs' motions, the action is due to be dismissed without prejudice.

B.   Motion to intervene

Virginia Fleming seeks leave to file a complaint in intervention alleging that pursuant to

the personal guaranty agreements, she should be reimbursed the amount she has paid to Vision Bank because she is a subsurety on the loan. Because the court has determined that this case should be dismissed without prejudice, her motion is **MOOT.**

      C.      Motion for sanctions

Dalton filed a motion for sanctions against Richard pursuant to Rule 11 of the Federal Rules of Civil Procedure. Dalton argues that Richard filed his counterclaim with no reasonable factual basis because Richard knew that it was premature to seek contribution or reimbursement under the guaranty agreements. In addition to his argument on the merits, Richard argues that the safe harbor provision of Rule 11 applies and that Dalton failed to meet this mandatory prerequisite. Dalton responds that the safe harbor provisions are inapplicable because Richard was on notice of the possibility of sanctions, he was subject to a show cause order, and because his actions were willful and intentional.

The safe harbor provision, found in Fed. R. Civ. P. 11(c)(2), requires service of the motion for sanctions upon the offending party twenty-one (21) days before filing the motion in order to allow the offending party an opportunity to correct the challenged pleading or portion of a pleading, motion or other document. Rule 11 states, in relevant part, as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). Dalton did not comply with this provision and the court finds his

argument for waiver of the requirement without merit.[1]  Because the purpose of the safe harbor provision is to allow the offending party an opportunity to correct the perceived sanctionable action, to allow sanctions after Richard's counterclaim has been thoroughly briefed and dismissed, would render the safe harbor provision meaningless.  Therefore, Dalton's motion for sanctions is **DENIED**.  See Macort v. Prem, Inc., 208 Fed. Appx. 781, 786 (11th Cir. 2006) (finding that failure to give plaintiff the twenty-one day safe harbor period foreclosed Rule 11 sanctions for the initial filing of a frivolous suit).

**DONE** and **ORDERED** this October 14, 2008.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Specifically, this court has not initiated any sanctions against Fleming.  Thus, there is no court-initiated sanction proceeding such that the safe harbor provision may be inapplicable. See Kaplan v. DaimlerChrysler, A.G., 331 F. 3d. 1251, 1255 (11th Cir. 2003) ("Court-initiated sanctions under Rule 11. . . do not involve the 'safe harbor' provision contained in" Rule 11(c)(2).  "That provision ordinarily gives a lawyer or litigant 21 days within which to correct or withdraw the challenged submission").